## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **MONICA GROVES** | : | **CASE NO:** |
| **c/o Minnillo Law Group Co., LPA** | : | |
| **2712 Observatory Avenue** | : | |
| **Cincinnati, Ohio 45208** | : | **JUDGE:** |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **LVNV FUNDING LLC** | : | **COMPLAINT WITH JURY DEMAND** |
| **55 Beattie Place Suite 110** | : | |
| **Greenville, South Carolina 29601** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Stenger & Stenger, P.C.** | : | |
| **2618 East Paris Ave. SE** | : | |
| **Grand Rapids, Michigan 49546** | : | |
| | : | |
| **and** | : | |
| | : | |
| **Anthony J. Huspaska** | : | |
| **c/o Stenger & Stenger, P.C.** | : | |
| **2618 East Paris Ave. SE** | : | |
| **Grand Rapids, Michigan 49546** | : | |
| | : | |
| **Defendants.** | : | |

Now comes Plaintiff, Monica Groves, who for her complaint against the Defendants states as follows:

## **JURISDICTION**

1.     Jurisdiction of this Court arises under 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

2.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.     Plaintiff Monica Groves ("Plaintiff") is a natural person who resides in Cincinnati, Hamilton County, Ohio, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.     Defendant LVNV Funding LLC ("LVNV") is a foreign limited liability company and is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6), because LVNV uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6.     Defendant Stenger & Stenger, P.C. ("Stenger") is a law firm based in Grand Rapids, Michigan that routinely engages in the collection of consumer debts for others and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.     Defendant Anthony J. Huspaska is a natural person who was an agent of and employed at all times relevant hereto by Defendant Stenger as an attorney engaged in the collection of consumer debts and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.     On or around July 31, 2017, LVNV filed a complaint in the Hamilton County, Ohio Municipal Court against the Plaintiff (the "Lawsuit") for the collection of a consumer debt purportedly owed by the Plaintiff (hereafter, the "Debt"), Case No. 17CV16511.

9.     The Debt, upon information and belief, was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

10.     Defendants obtained a judgment (the "Judgment") in the subject Lawsuit on October 5, 2017.

11. On or around April 13, 2018, Defendants initiated a bank garnishment. Upon information and belief, no funds were garnished from Plaintiff's bank account as a result of this bank garnishment.

12. No further execution on the Judgment took place in the five years subsequent to the initiation of the aforesaid bank garnishment and the judgment became dormant under Ohio Revised Code §2329.07.

13. On or about January 29, 2024, Defendants initiated a bank garnishment in which they falsely represented that they held a currently enforceable judgment against the Plaintiff and that their client was legally permitted, at that time, to garnish the Plaintiff's bank account.

14. On or around February 7, 2024, Plaintiff's bank account was garnished in the approximate amount of $479.47.

15. As a result of the Defendants' actions, the Plaintiff was anxious, upset, and worried when she received notice of the garnishment.

16. The Defendants have violated the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act in their attempts to collect the Debt from Plaintiff.

17. The acts of Defendant Huspaska was committed within the course and scope of his agency relationship with Stenger.

18. The acts by Defendant Huspaska was incidental to, or of the same general nature as, the responsibilities he was authorized to perform by Defendant Stenger in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, Defendant Huspaska was motivated to benefit his principal, Stenger.

20.     Defendant Stenger is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees, including but no limited to, violations of the FDCPA, the Ohio Consumer Sales Practices Act and Ohio common law, in their attempts to collect from the Plaintiff.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 et seq.

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The foregoing acts and omissions of the Defendants constitute violations of the FDCPA including but not limited to 15 U.S.C. §1692e, e(2), e(4), e(5), and e(10) with respect to the Plaintiff.

23.     As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), including damages for the emotional distress she has suffered as a result of the Defendants' errors and omissions here; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

## COUNT II.
## OHIO CONSUMER SALES PRACTICES ACT

24. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

25. Plaintiff is a consumer within the meaning of the Ohio Consumer Sales Practices Act. O.R.C. §1345.01 et seq.

26. Defendants are suppliers covered by the Ohio Consumer Sales Practices Act. O.R.C. 1345.01 et seq.

27. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the Ohio Consumer Sales Practices Act including, but not limited to O.R.C. §§1345.02 and 1345.03 with respect to the Plaintiff.

WHEREFORE, Plaintiff, Monica Groves, demands judgment against the Defendants as follows:

1) for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiff;

2) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

3) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for Plaintiff;

4) for an award of all relief available under O.R.C. 1345.09, including without limitation actual damages, treble damages, noneconomic damages, reasonable attorney fees and costs; and

5) Such other relief as the Court deems just and equitable under the premises.

Respectfully submitted,

/s/ Andrew L. Ruben
Andrew L. Ruben, Esq. (OH-0085466)
MINNILLO LAW GROUP Co., LPA
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
alr@mlg-lpa.com
Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable in this matter.

/s/ Andrew L. Ruben
Andrew L. Ruben, Esq. (OH-0085466)